UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HECTOR M. MAJANOMEJIA, <br> LYNNERTH MAJANO, <br> Plaintiffs, <br><br> v. <br><br> VENDOR RESOURCE <br> MANAGEMENT, FREEDOM <br> MORTGAGE CORPORATION, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. W-17-CA-00189-RP |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE

**TO: THE HONORABLE ROBERT PITMAN,**
   **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(c) and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiffs in this case are Hector Majanomegia and Lynnerth Majano ("Plaintiffs"). ECF No. 1. Defendants are Vendor Resource Management ("VRM") and Freedom Mortgage Corporation ("Freedom"). *Id.* Before the Court are: (1) Plaintiffs' Motion to Remand in 6:17-cv-189 (ECF No. 4); (2) Plaintiffs' Motion to Remand in 6:17-cv-190 (ECF No. 4); and (3) Defendant VRM's Motion to Dismiss (189-ECF No. 3). Having considered the documents, the docket as a whole, and the governing law, the undersigned **RECOMMENDS** Plaintiffs' Motions to Remand VRM and Freedom (189-ECF No. 4; 190-ECF No. 4) be **GRANTED** and VRM's Motion to Dismiss (189-ECF No. 3) be **DENIED as MOOT**.

# I. BACKGROUND

This case concerns a foreclosure on Plaintiffs' home, located in Killeen, Texas ("the Property"). *See* Pls.' Pet. ¶4.1. Plaintiffs allege the following events; in April 2011, Plaintiffs purchased the residential real properly located at 4209 Tummul Ln., Killeen, TX 76549. *Id.* In connection with the purchase, Plaintiffs executed a Deed of Trust and mortgage loan in favor of their mortgagee, AmeriGroup Mortgage Corporation. Pls.' Pet at 6. Ocwen Loan Servicing, LLC ("Ocwen") initially serviced the Mortgage Loan. *Id.* In 2015, Bell County Tax Appraisal District granted Plaintiffs' an exemption from paying property taxes for the Property pursuant to the disabled veterans homestead exemption. *See id.* Ocwen never adjusted Plaintiffs' mortgage to account for the homestead exemption; thus, Plaintiffs paid more each month than required. *Id.*

In February 2016, AmeriGroup sold the Mortgage Loan and Ocwen transferred servicing of the Mortgage Loan to Freedom. *Id.* at 8. Freedom continued Ocwen's overcharging practices. *Id.* In March 2017, Freedom, using the "erroneously calculated delinquency," accelerated the Mortgage Loan and sold the Property at a foreclosure sale to the Secretary of Veterans' Affairs (the "Secretary"). *Id.* at 9.

VRM, as "the Secretary's Duly Authorized Agent," later filed a forcible detainer action against Plaintiffs with respect to the Property in the Justice of the Peace Court, Precinct 4 Place 2 of Bell County, Texas. *Id.*; *see* 190-ECF No. 7 at 3. VRM received a judgment for possession against Plaintiffs, which is currently on appeal in the County Court. *Id.* Trial in the County Court eviction case was scheduled to be held on June 29, 2017. 190-ECF No. 7 at 4. Plaintiffs,

however, filed this suit against VRM and Freedom on June 27, 2017 in the 169th District Court of Bell County.[1] 190-ECF No. 1 at 11.

In connection with this suit, Plaintiffs sought and received a temporary restraining order enjoining VRM from evicting Plaintiffs from the Property pending the resolution of this action, thus prohibiting the County Court eviction case from proceeding to trial. *Id*. It appears that before Plaintiffs served either Defendant, Defendant VRM removed this case on July 11, 2017. Case No. 6:17-cv-189-ECF No. 1. Later that day, Freedom removed the case. Case No. 6:16-cv-190-ECF No. 6 at 1. Because 6:17-cv-189 and 6:17-cv-190 are identical cases, the Court consolidated the actions under 6:16-cv-189. 190-ECF No. 8.

On July 18, 2017, VRM filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). 189-ECF No. 3. Plaintiffs responded. 189-ECF No. 5. VRM has yet to reply. On July 19, 2017, Plaintiffs filed their Motion to Remand against VRM. 189-ECF No. 4. VRM responded. 189-ECF No. 7. Plaintiffs replied. 189-ECF No. 8. On July 24, 2017, Plaintiffs filed their Motion to Remand against Freedom. 190-ECF No. 4. Freedom responded.[2] 189-ECF No. 9. Plaintiffs replied. 189-ECF No. 10.

---

[1] In this suit, Plaintiffs assert that if Ocwen and Freedom made the proper monetary adjustments, Plaintiffs would not have fallen behind in their mortgage payments and, in turn, would not have been foreclosed upon. *See* 189-ECF No. 1 at 24.

[2] Freedom filed an Opposed Motion for Extension of Time to file its response. 190-ECF No. 5. While Freedom's Motion was pending, Freedom filed a response subject to the Court's ruling on their Motion for Extension of Time. 190-ECF No. 7. Plaintiffs replied. 190-ECF No. 9. On August 16, 2017, the Court granted Freedom's Motion for Extension of Time. 190-ECF. Freedom filed an amended response on August 22, 2017. 189-ECF No. 9. On August 28, 2017, Plaintiffs replied. 189-ECF No. 10.

3

## II. LEGAL STANDARD

**A. Diversity Jurisdiction in Removed Cases**

Pursuant to 28 U.S.C. § 1441(a), civil actions filed in state court may be removed to district courts of the United States so long as the district courts have original jurisdiction. 28 U.S.C. § 1441(a). When removal is challenged, the burden of establishing subject-matter jurisdiction is on the party who removed the action. *Miller v. Diamon Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). Both Defendants removed this case pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute. For removal premised on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Gray Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Further, pursuant to 28 U.S.C. § 1441(b), removal premised on diversity jurisdiction is not proper if any defendant is a citizen of the state in which the action is brought. A court, however, should disregard the citizenship of any in-state defendant who is improperly joined. *Flagg v. Stryker Corp.*, 801 F.3d 456, 458 (5th Cir. 2015).

**B. Fraudulent or Improper Joinder**

A removing party can prove improper joinder by establishing either: (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse; or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). If the court finds the non-diverse defendant is improperly joined, remand must be denied. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004).

When considering whether joinder is improper for failure to state a claim, the removing party must establish that the district court has no reasonable basis to predict that the remanding

party might be able to recover from the non-diverse defendant. *Id.* at 573. A court can accomplish this by applying one of two tests; the court can: (1) choose to conduct a Rule 12(b)(6)-type analysis; or (2) pierce the pleadings and conduct a summary inquiry. *Int'l Energy*, 818 F.3d at 207; *Smallwood*, 385 F.3d at 573. Here, Defendants do not ask the Court to pierce the pleadings, nor is the Court inclined to do so. Thus, the undersigned will conduct a 12(b)(6) type inquiry.

The Fifth Circuit has made it clear that the federal pleading standard is the appropriate standard to apply when conducting a Rule 12(b)(6)-type analysis on a motion to remand. *Int'l Energy*, 818 F.3d at 208. The Supreme Court has explained how plaintiffs can meet the federal pleading standard in the *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* opinions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet the federal pleading standard, the plaintiff's pleadings must contain sufficient facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 556. It must provide more than a mere possibility of recovery. *Id.* (holding that requiring "plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the defendant's misconduct]"). The pleading must contain more than just labels and conclusion that merely restate the elements of the cause of action. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Plaintiffs raise two arguments in favor of remand. First, Plaintiffs assert that complete diversity of citizenship does not exist between Plaintiffs and Defendants. 190-ECF No. 4 at 2; 189-ECF No. 4 at 1-2. Second, Plaintiffs argue that VRM is properly joined. *Id.* A defendant may remove a case to federal court when federal subject-matter jurisdiction exists and the

removal procedure has been properly followed. *See* 28 U.S.C. § 1441. A removing defendant bears the burden of establishing that the federal court has jurisdiction and that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**A. Diversity Jurisdiction: VRM's Notice of Removal (6:17-cv-189)**

In its Notice of Removal, Defendant VRM argues this Court has original jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a). Section 1332 confers jurisdiction on a federal district court where: (1) the matter in controversy exceeds the sum or value of $75,000; and (2) is between citizens of different States. 28 U.S.C. § 1332(a). The parties do not dispute that Plaintiffs are citizens of Texas, that Defendant Freedom is a citizen of New Jersey, or that the matter in controversy exceeds $75,000. The parties, however, dispute Defendant VRM's citizenship.

The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction. *See Aetna Casualty and Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). In the present case, VRM has the burden as it seeks to remove the case from state to federal court. *See Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). If the case involves more than one plaintiff and more than one defendant, the court must be certain that all plaintiffs have a different citizenship from all defendants. *Getty Oil Corp.*, 841 F.2d at 1258. VRM is a corporation. For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c). These rules are straightforward, and the law demands strict adherence to them. *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).

Here, in its Notice of Removal, VRM asserts:

> Defendant Vendor Resource Management, Inc. ("VRM") is a Private Corporation with its principal place of business located in Pomona, California.

189-Not. Removal ¶ 14. First and foremost, VRM is in fact incorporated in Texas. *See* ECF No. 4 at 12-27. Therefore, VRM *is* a citizen of Texas. Even if VRM was not incorporated in Texas, the assertion that VRM "is a Private Corporation with its principal place of business located in Pomona, California" does not establish citizenship for diversity purposes. Specifically, VRM fails to state its place of incorporation.

The Fifth Circuit has repeatedly held that when jurisdiction depends on citizenship, citizenship must be "distinctly and affirmatively alleged." *See Getty Oil Corp.*, 841 F.2d at 1259 ("the allegation on appeal that Companies Collective were and still are foreign insurers who do not have their principal place of business in Texas, California, New York, or Delaware, together with the allegations . . . that Companies Collective is foreign insurers not citizens of Texas or California and is a citizen or subject of England, does not establish citizenship for diversity purposes.") (internal quotations omitted). Because VRM fails to specify the jurisdiction of its incorporation, it fails to clearly establish that complete diversity exists. Accordingly, the undersigned finds VRM's arguments to be without merit.

**B. Fraudulent Joinder: Freedom's Notice of Removal (6:17-cv-190)**

Though removal premised on diversity jurisdiction is not proper if any defendant is a citizen of the state in which the action is brought, a court should disregard the citizenship of any in-state defendant who is improperly joined. *Flagg*, 801 F.3d at 458. Freedom argues that the Court should disregard VRM's citizenship because VRM is an improperly joined party. 190 Not. Removal ¶8. To establish improper joinder, Freedom must establish that Plaintiffs failed to state a claim against VRM. *See Int'l Energy*, 818 F.3d at 199. In its Notice of Removal and Amended

Response to Plaintiffs' Motion to Remand, Freedom argues: (1) Plaintiffs fail to allege any specific facts or wrongdoing that would give rise to a viable claim against VRM (190-Not. Removal ¶ 10); and (2) the *Rooker-Feldman* doctrine and the Anti-Injunction Act bar Plaintiffs' relief sought. *Id.* ¶10; 189-ECF No. 9 at 3. For the reasons stated below, the undersigned finds that Freedom failed to carry its heavy burden of showing VRM is improperly joined.

### 1. Plaintiffs' Claims Against VRM

Freedom argues that Plaintiffs fail to allege any specific facts or wrongdoing that would give rise to a viable claim against VRM. 190-Not. Removal ¶ 10. Freedom's argument is two-fold. First, Freedom argues:

> Plaintiffs only include VRM in the suit in its capacity as an authorized agent of the Secretary of Veterans' Affairs, and allege no allegations against it besides including VRM in their request for declaratory and injunctive relief.

189-ECF No. 9 at 3. Second, Freedom argues that this Court lacks jurisdiction over Plaintiffs' claims against VRM because justice courts have original, exclusive jurisdiction over eviction proceedings.[3] *Id.* VRM, however, whether acting as an agent or not, initiated the forcible detainer action against Plaintiffs. Pls.' Pet. ¶ 4.11. That action is abated only because Plaintiffs' filed this lawsuit. Otherwise, VRM would no doubt be pursuing the detainer action.

Primarily, Plaintiffs seek to defeat VRM's efforts to evict them. *See id.* at 11. The Texas courts have already imposed liability on the agent, VRM, by issuing a restraining order against the foreclosure. ECF No. 4 at 23. Thus, "it seems impossible to escape the fact that [the agent] is the primary party against whom Plaintiff needs injunctive relief." *See Standiford v. Citimortgage, Inc.*, No. A-12-CA-1175-SS, 2013 WL 12116147, at *4 (W.D. Tex. Feb. 26, 2013) (internal citation omitted). Like Judge Sparks held in *Standiford*: "[t]hat VRM is a proper

---
[3] Plaintiffs sue VRM solely for the purpose of stopping Plaintiffs from wrongful eviction. *See* Pls.' Pet. at 11.

party is confirmed by a brief examination of the jurisdiction of state district courts when there is a forcible detainer action pending in either the justice court or the county court." *Id.* Therefore, the undersigned finds that VRM is a proper party to this suit.

Freedom's jurisdictional argument is also without merit. "[W]hen both title and possession are involved, a [d]istrict [c]ourt suit in trespass to try title takes precedence and may be maintained concurrently with a [j]ustice [c]ourt action in forcible entry and detainer, even to restraint of proceedings in the latter court." *Slay v. Fugitt*, 302 S.W.2d 698, 701 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.). Of course, where possession has already been finally adjudicated by the county court, the district court may not entertain a collateral attack on the possessory determination. *Id.* "In Texas, if a county court has ruled in a forcible detainer action that one party is entitled to possession, a state district court in a later suit regarding title does not have jurisdiction, prior to its final decree, to 'alter the status quo' by issuing 'an injunction restraining the enforcement' of the county court's judgment." *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013) (unpublished) (internal citations omitted).

Here, there is no final adjudication in the county court. *See* Pls.' Pet. at 9. Accordingly, possession was fully before the district court when Plaintiffs filed this lawsuit, and VRM, as a party seeking to deprive Plaintiffs of possession, is properly joined to this suit. Notably, Defendant Freedom cites no authority holding that a defendant, other than a foreclosure counsel who is actively seeking in state court to dispossess the plaintiff of his residence, is improperly joined to a suit challenging the propriety of those efforts.

Moreover, this is not a case in which the alleged improperly joined defendant is a stranger to the plaintiffs. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249-50 (5th Cir. 2011) (finding defendant who had neither originated nor serviced the loan, and was

9

otherwise a stranger to the underlying events, was improperly joined). Though the Court is not convinced that Plaintiffs are likely to recover against VRM, the Court cannot say that there is no possibility of recovery; and, therefore, VRM is not improperly joined.

**2. Rooker-Feldman doctrine and the Anti-Injunction Act**

Freedom also asserts that Plaintiffs improperly joined VRM based upon: (1) the *Rooker-Feldman* doctrine;[4] and (2) the Anti-Injunction Act.[5] 189-ECF No. 9 at 3. Freedom essentially asserts that because this Court is a federal court, it lacks jurisdiction over Plaintiffs' claims due

---

[4] Under a doctrine of abstention, a district court may decline to exercise its jurisdiction over a case where doing so would "clearly serve an important countervailing interest." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). However, federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," and as such "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 144 (5th Cir. 2010) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S at 814).

The *Rooker-Feldman* doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 284 (2005). The purpose of this doctrine is to prevent lower federal courts from reviewing state court error, where such review is best left to the state appellate court. *See MAPP Constr., LLC v. M&R Drywall, Inc.*, 294 F. App'x 89, 92 (5th Cir. 2008); *see also Atl. C. L. R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970) (emphasizing that lower federal courts cannot sit in direct review of state court decisions). However, the scope of this doctrine is quite narrow, and only applies when a plaintiff can establish four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment. *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (unpublished).

[5] The Anti-Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in the aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C § 2283. The Act prohibits enjoining a state court unless one of the listed exceptions applies. *Royal Ins. Co. of America*, 3 F.3d 877, 855 (5th Cir. 1993). The Fifth Circuit has held that if an injunction would be barred by § 2283, the § 2283 also bars the issuance of a declaratory judgment that would have the same effect as an injunction. *Texas Emp'rs Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988), *cert denied*, 490 U.S. 1035 (1989). When a state lawsuit is pending, issuing a declaratory judgment will be "tantamount to issuing an injunction-providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act." *Travelers Ins. Co.*, 996 F.2d at 776.

to the invocation of the *Rooker-Feldman* doctrine and the Anti-Injunction Act. Put another way, Freedom argues that this Court has jurisdiction over this case (i.e. diversity exists due to VRM's improper joinder) because the Court lacks jurisdiction over Plaintiffs' claims against VRM (i.e. the Rooker-Feldman doctrine and the Anti-Injunction Act bars Plaintiffs' claims against VRM in federal court).[6] Freedom's logic is flawed.[7]

As a reminder, Plaintiffs filed this suit in state court for breach of contract, trespass to try title, and a temporary injunction seeking to temporarily enjoin VRM from evicting Plaintiffs from the Property pending the resolution of the state action. 190-ECF No. 1 at 11. Freedom (and VRM) subsequently removed that suit to this Court. 190-ECF No. 6 at 1. Freedom premised its removal on diversity grounds, claiming that Plaintiffs' improperly joined VRM. *See id.* Plaintiffs then filed a Motion to Remand this case back to state court claiming that this Court lacks subject matter jurisdiction of the case because complete diversity does not exist. 190-ECF No. 4. Freedom, as the removing party, has the burden to establish that the district court has no reasonable basis to predict that Plaintiffs, as the remanding party, might be able to recover from the non-diverse defendant. *Smallwood*, 385 F.3d at 575.

The Court need not delve into a thorough analysis concerning Freedom's *Rooker-Feldman* and Anti-Injunction arguments as they are nothing more than red-herrings to the Motion before the Court. Freedom's arguments go well beyond the scope of this motion and in

---

[6] Specifically, Freedom argues that VRM lawfully obtained a writ of possession in the justice court, of which Plaintiffs now ask this Court to enjoin enforcement. 189-ECF No. 9 at 6. Freedom further contends that by seeking an injunction against eviction, Plaintiffs' claims against VRM are barred by the *Rooker-Feldman* doctrine.

[7] Freedom relies on *Omoloh v. Bank of America, NA*, No. 4:17-cv-00160-O-BP, 2017 WL 2616006, at *5 (N.D. Tex. May 16, 2017) in support of its assertion that the *Rooker-Feldman* doctrine applies. 189-ECF No. 9 at 6. Importantly, the Motion before the court in *Omoloh* was a preliminary injunction, not a motion to remand. *See Omoloh*, 2017 WL 2616006 at *4.

fact inadvertently favor Plaintiffs' Motion to Remand. Freedom's arguments prove nothing more than the Court's lack of jurisdiction over Plaintiffs' claims. A federal court's lack of subject matter jurisdiction over one party with a motion to remand pending, however, results not in a finding that the lack of jurisdiction over one party equates to that party being improperly joined, but rather results in the federal court remanding the case back to state court. *See Morris v. Wells Fargo Bank*, 677 F. App'x 955, 958 (5th Cir. 2017) (holding that the district court erred in denying the plaintiff's motion to remand after finding the federal court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine.). Consequently, insofar as Freedom attempts to invoke the Rooker-Feldman doctrine and Anti-Injunction Act, such attempt is futile.

## IV. CONCLUSION

In sum, Defendants have not established that complete diversity exists. Therefore, the Court recommends that Plaintiffs' Motions to Remand be granted and this case be remanded to the 169th Judicial District Court, Bell County, Texas. Because the undersigned recommends granting Plaintiffs' Motions to Remand due to the Court's lack of subject matter jurisdiction, the undersigned recommends that Defendant VRM's Motion to Dismiss be denied as moot.

## V. RECOMMENDATION

After thoroughly reviewing the record, the undersigned **RECOMMENDS** that Plaintiffs' Motions to Remand (189-ECF No. 4; and 190-ECF No. 4) should be **GRANTED** and that this matter be **REMANDED to the 169th District Court of Bell County, Texas**. The undersigned also **RECOMMENDS** that VRM's Motion to Dismiss pursuant to Federal Rule of Civil Procedure (ECF No. 3) be **DENIED as moot.**

## VI. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(l)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Latter

**SIGNED** September 6, 2017.

_____
**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**