IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HECTOR M. MAJANOMEJIA and LYNNERTH MAJANO, | § § § | |
| *Plaintiffs,* | § § § | |
| v. | § | CIVIL ACTION NO. 6:17-cv-00189 |
| | § | |
| FREEDOM MORTGAGE CORPORATION, | § § § | |
| *Defendant.* | § § | |

**DEFENDANT FREEDOM MORTGAGE CORP.'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE**

Defendant Freedom Mortgage Corporation ("Freedom") files its Objections to the Report and Recommendation of the Magistrate Judge (Doc. No. 12) ("Recommendation"), requests that the Court deny Plaintiffs Hector M. Majanomejia and Lynnerth Majano's ("Plaintiffs") Motion to Remand (Doc. No. 4), and would respectfully show as follows:

A.   *Plaintiffs fail to assert any independent claims against the non-diverse Defendant.*

The Magistrate recommended Plaintiffs' Motion to Remand be granted based upon an erroneous understanding of the application of Texas law to this case. Injunctive relief is an equitable remedy, not an independent cause of action.[1] As courts in this district have stated, a request for injunctive relief must be dismissed unless it is supported by a viable claim.[2] It is not enough to merely seek injunctive relief against a party without naming an underlying, substantive cause of action.[3]

---

[1] Denman v. Wells Fargo Bank, NA, No. SA-13-CV-11-XR, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013); Guerra v. Wells Fargo Bank, NA, No. 5:13-cv-00740-FB, 2014 WL 12586772, at *2 (W.D. Tex. Jan. 7, 2014).
[2] *Denman*, 2013 WL 1866580, at *2; *Guerra*, 2014 WL 12586772, at *2.
[3] Turner v. US, No. 4:13-cv-932, 2013 WL 5877358, at *13 (S.D. Tex. Oct. 31, 2013).

For example, in *Turner v. U.S.*, the plaintiffs nominally sued a set of defendants, but failed to set forth any facts regarding the defendants' conduct and did not allege any specific causes of action against those defendants.[4] Instead, the plaintiffs only sought injunctive relief against the defendants.[5] The court denied the plaintiffs' request for injunctive relief because the relief they sought was not predicated upon a viable cause of action.[6]

Plaintiffs' request for injunctive relief in this case is likewise flawed. Plaintiffs do not allege any substantive claims against the non-diverse defendant, Vendor Resource Management ("VRM").[7] Instead, they simply state they ". . . seek temporary injunctive relief enjoining VRM from evicting Plaintiffs from the Home pending the resolution of this action."[8] Because Plaintiffs have not asserted any causes of action against VRM, their claim for injunctive relief must fail.[9] There is no reasonable basis for the Court to predict that Plaintiffs may be able to recover against VRM and, as a result, VRM is improperly joined to this suit.[10]

### B. Neither state nor federal district courts may hear Plaintiffs' challenges to eviction because those claims are within the exclusive jurisdiction of the justice courts.

The Magistrate also erred by failing to consider that Texas law prohibits either a state or federal district court from hearing Plaintiffs' claims against VRM because such claims fall exclusively into the jurisdiction of the Justice Courts. Though at first glance this seems to be solely a jurisdictional issue, it in fact falls into the purview of improper joinder because under no set of circumstances could the state or federal district court grant the relief Plaintiffs seek. Thus, VRM was improperly joined to this suit and must be disregarded for diversity purposes.

---

[4] *Id*.
[5] *Id.*
[6] *Id.*
[7] Pls.' Orig. Pet. (Doc. No. 1-1) at 5-7.
[8] *Id.* at ¶ 5.10.
[9] Amezcua v. Ocwen Loan Servicing, LLC, No. 5:14-CV-1018-DAE, 2015 WL 671600, at *2 (W.D. Tex. Feb. 17, 2015).
[10] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004).

VRM obtained a judgment for eviction in justice court, which Plaintiffs appealed to the county court.[11] Contemporaneously with the appeal to county court, Plaintiffs sued VRM and Freedom in district court. Because the eviction issue is already pending in county court, however, Plaintiffs' challenge to the eviction is already being considered in a separate forum. Upon filing their appeal, Plaintiffs were required to either make a cash deposit into the registry of the court or file a statement of inability to afford payment of court costs.[12] By so doing, Plaintiffs could ensure they would not be evicted until the appeal was decided.[13] Plaintiffs should not be allowed to hedge their bets by seeking the same relief in another court (whether state or federal district court). The practical result of Plaintiffs' inclusion of VRM in this matter—whether intended or not—is to improperly defeat diversity jurisdiction by adding a party against which neither the state nor federal district court may provide the requested relief.

The Magistrate improperly relies on language from *Slay v. Fugitt*, a 1957 case stating the district court may take jurisdictional precedence over a justice court if both title and possession are at issue.[14] Not only was the *Slay* court's consideration of jurisdiction based on a now repealed version of the law, but the contract at issue was a lease agreement – not a deed of trust.[15] Importantly, unlike in the present situation, the party against whom the occupant brought title claims was the same party seeking possession.[16] Here the claims are split – Plaintiffs' claims regarding eviction solely involve VRM, while its claims regarding title only encompass Freedom. For these reasons, the Magistrate's reliance on this statement of the law in *Slay* is erroneous and it should not have been used to summarily dismiss Freedom's arguments regarding improper joinder.

---

[11] That proceeding was halted after Plaintiffs initiated this litigation.
[12] TEX. R. CIV. P. 510.9(a).
[13] Tex. R. Civ. P. 510.9(c)(5)(B); In re Lippian, 477 S.W.3d 880, 881 (Tex. App.—Houston [14th Dist.] 2015,
[14] Recommendation at 9.
[15] Slay v. Fugitt, 302 S.W.2d 698, 699-700 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.).
[16] *Id.* at 699.

Cases involving identical contract language make clear that evictions are solely within the purview of the justice courts.[17] For example, the deed of trust in *Jaimes v. Fannie Mae*, like the one at issue here, provided that upon foreclosure, the occupant became a tenant at sufferance and could be removed by writ of possession.[18] Once the borrower defaulted on the loan, Fannie Mae foreclosed and sought possession of the property in justice court.[19] The occupant filed suit in district court, arguing that the justice court proceedings should be abated pending adjudication of her claims regarding title.[20]

The court disagreed, holding that the legislature intended forcible detainer proceedings to be a summary, speedy, and inexpensive remedy for the determination of who is entitled to immediate possession of premises and that permitting parties to abate forcible detainer actions simply by filing suit in district court would frustrate that legislative intent.[21] Further, because eviction actions in justice court are only concerned with who is entitled to *immediate* possession of the property, and the deed of trust provided that upon foreclosure the occupant became a tenant at sufferance, a final determination regarding title was not necessary to resolve the possession issue.[22]

Similarly, in this case, the deed of trust makes clear that after foreclosure, any occupant of the Property immediately becomes a tenant at sufferance subject to removal by writ of possession.[23] Thus, regardless of the merits of Plaintiffs' title claims against Freedom, VRM (as agent for the purchaser of the Property) had the right to *immediate possession* under the deed of

---

[17] *See, e.g.*, Haith v. Drake, 596 S.W.2d 194, 197 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) ("When the sole matter involved is one of possession, the district court has no authority to restrain by injunction a trial of the same issue in justice court.").
[18] Jaimes v. Fannie Mae, No. 03-13-00290-CV, 2013 WL 7809741, at *1 (Tex. App.—Austin Dec. 4, 2013, no pet.).
[19] *Id.*
[20] *Id.*
[21] *Id.* at *3.
[22] *Id.*
[23] Freedom's Am. Resp. to Pls.' Mot. to Remand (Doc. No. 9) at Exhibit A, ¶ 22.

4

trust. The law is clear that in such circumstances, it is inappropriate for a district court to take jurisdiction over the eviction claim.[24] Because Plaintiffs cannot obtain the relief they seek against VRM in this Court or in state district court, VRM is improperly joined to this case and should be disregarded for diversity purposes. The Magistrate's Recommendation should not be adopted, and Plaintiffs' Motion to Remand should be dismissed.

For these reasons, Defendant Freedom Mortgage Corp. respectfully requests the Court DENY Plaintiffs' Hector Majanomejia and Lynnerth Majano's Motion to Remand (Doc. No. 4) and for such other and further relief to which it may be justly entitled.

Respectfully submitted,



By:  /s/ S. David Smith

**S. DAVID SMITH**
Texas Bar No. 18682550
Fed. I.D. No. 14233
sdsmith@bradley.com
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier

***ATTORNEY IN CHARGE FOR DEFENDANT FREEDOM MORTGAGE CORPORATION***

---

[24] *Haith*, 596 S.W.2d at 197; *Jaimes*, 2013 WL 7809741, at *3.

OF COUNSEL:

**MELISSA S. GUTIERREZ**
Bradley Arant Boult Cummings, LLP
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier

## CERTIFICATE OF SERVICE

I certify that on this 20th day of September, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

*Via CM/RRR:*
*and email: tapitts@taplawfirm.com*
Tony Pitts
Law Office of Tony A. Pitts
P. O. Box 5369
Round Rock, Texas  78683
*Counsel for Plaintiffs*

*Via CM/RRR:*
*and email:* *travis@jackoboyle.com*
Travis H. Gray
Chris S. Ferguson
Jack O'Boyle & Associates
P.O. Box 815369
Dallas, Texas 75381
*Counsel for VRM*

　　　　　　　　　　　　　　　　　　　　*/s/ Melissa S. Gutierrez*
　　　　　　　　　　　　　　　　　　　　　Melissa S. Gutierrez

1/4341518.2