IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HECTOR M. MAJANOMEJIA and LYNNERTH MAJANO, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 6:17-cv-189-RP-JCM |
| VENDOR RESOURCE MANAGEMENT and FREEDOM MORTGAGE CORP., | § § § § | |
| Defendants. | § § | |

## ORDER REJECTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske, filed September 9, 2017. (Dkts. 189-11, 190-10). Magistrate Judge Manske reviewed Plaintiffs' Motion to Remand in 6:17-cv-189, (Dkt. 189-4); Plaintiffs' Motion to Remand in 6:17-cv-190, (Dkt.190-4); Defendant Vendor Resource Management's ("VRM") Motion to Dismiss in 6:17-cv-189, (Dkt. 189-3); and the responsive filings for each.

This case was referred to United States Magistrate Judge Jeffrey C. Manske for a Report and Recommendation on the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

In his Report and Recommendation, Judge Manske recommended that Plaintiffs' two Motions to Remand be granted and that Defendant VRM's Motion to Dismiss be denied as moot. (*See* Dkts. 189-11, 190-10). Defendant Freedom Mortgage Corporation ("FMC") timely filed objections to portions of Judge Manske's report. (Dkt. 13).

For dispositive pretrial matters referred to a magistrate judge, a district court must conduct a *de novo* review only of those portions of the magistrate judge's report to which timely objections were

filed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A motion to remand is considered a dispositive motion for the purposes of 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

Here, Defendant FMC objected to those portions of the Magistrate Judge's report pertaining to whether VRM was improperly joined because (1) Plaintiffs failed to state a claim against VRM; or (2) the district court lacks jurisdiction over the related eviction case pending in Bell County Court. Accordingly, this Court reviews those portions of the Magistrate Judge's report *de novo*.

## I. Background

This is a foreclosure case originally filed on June 27, 2017, in the 169th District Court in Bell County, Texas. (VRM Not. Removal Ex. 4, Dkt. 189-1-4, at 1). Defendant FMC foreclosed on Plaintiffs' home in March 2017 and sold the property to the Secretary of Veterans' Affairs. (*Id.* at 5). Defendant VRM, as the Secretary's agent, then filed a forcible detainer action against Plaintiffs. (*Id.*) VRM won a judgment for possession, and Plaintiffs appealed to the Bell County Court. (*Id.*) Before the county court trial, Plaintiffs sued FMC and VRM in Bell County District Court and obtained a temporary restraining order (TRO) from the state district court preventing VRM from prosecuting its eviction suit. (VRM Resp., Dkt. 189-7, ¶¶ 6–7).

In their district court petition, Plaintiffs allege that FMC overcharged them for their monthly mortgage payments. (VRM Not. Removal Ex. 4, Dkt. 189-1-4, at 3–5). Mr. Majanomejia avers that he is a disabled veteran who received a disabled veterans homestead exemption that exempted him from paying property taxes. (*Id.* at 3.) Plaintiffs aver that FMC failed to adjust their mortgage payments to account for the exemption and overcharged them by hundreds of dollars per month, which resulted in Plaintiffs' inability to make their mortgage payments. (*Id.* at 3–6). Plaintiffs brought claims for (1) breach of contract and (2) a declaratory judgment that the foreclosure sale was void

and Plaintiffs retain title to the property. (*Id.* at 5–7). Plaintiffs also asked for a temporary injunction barring VRM from evicting them while the state district court action was pending. (*Id.* at 7).

The state district court scheduled a hearing for July 14, 2017, to determine whether to extend the TRO for the duration of the state district court case. (Pl. Mot. Remand Ex. B, Dkt. 189-4, at 2). Before that hearing could take place, both VRM and FMC filed separate notices of removal on July 11, 2017. (Dkts. 189-1, 190-1). Plaintiffs then filed motions to remand in each case, (Dkts. 189-4, 190-4), and the Court consolidated the two cases while the motions were pending, (Dkt. 189-6, 190-6).

In VRM's Notice of Removal, VRM asserted that complete diversity existed among the parties because FMC is a New Jersey corporation with its principal place of business in New Jersey and that VRM is a corporation with its principal place of business in California. (VRM Not. Removal, Dkt. 190-1, ¶¶ 12–16). As Plaintiffs later pointed out, VRM neglected to mention that it is incorporated in Texas. (Pl. Mot. Remand, Dkt. 189-4, at 2; Pl. Mot. Remand Exs. 1–5, Dkt. 189-4). Because a corporation is a citizen of the state in which it is incorporated for purposes of establishing diversity jurisdiction, 28 U.S.C. § 1332(c)(1), VRM is not a diverse party from Plaintiffs, who are Texas citizens. (*See* VRM Not. Removal, Dkt. 190-1, ¶ 16).

Upon being revealed as non-diverse, VRM adopted a new position in its responses to Plaintiffs' Motions to Remand, arguing that the case between Plaintiffs and FMC should remain in federal court, but that VRM's citizenship should be disregarded because VRM was improperly joined. (VRM Resp., Dkt. 189-7, ¶¶ 4–11). FMC also argued that VRM was improperly joined, albeit on different theories. (FMC Resp., Dkt. 189-9, at 3–7).

## II. Motion to Remand

No party disputes that Plaintiffs and FMC are diverse parties or that the amount in controversy exceeds $75,000.[1] If this case were solely between Plaintiffs and FMC, the Court would have subject matter jurisdiction and remand would be improper. *See* C*uevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 250 (5th Cir. 2011) ("When the district court has original subject matter jurisdiction over state law claims, the exercise of that jurisdiction is mandatory.") There is also no question that Plaintiffs are *not* diverse from VRM.[2] Thus, the only question is whether VRM or FMC can satisfy its burden to prove that Plaintiffs improperly joined them in the state district court action. For the reasons discussed below, the Court is persuaded that VRM is improperly joined.

### a. Improper joinder

A removing party can prove improper joinder by establishing either that: (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse; or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Only the latter is before the Court here. The Fifth Circuit has explained that the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). A district court can determine whether a plaintiff has a reasonable basis of recovery by either (a) conducting "a Rule 12(b)(6)-type analysis,"

---

[1] Neither of Plaintiffs' Motions to Remand dispute that the amount in controversy exceeds $75,000, and one motion admits that FMC is a New Jersey corporation. (*See generally* Pl. Mot. Remand, Dkt. 189-4, Pl. Mot. Remand, Dkt. 190-4).
[2] "[I]t is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). However, VRM pleaded no facts about its state of incorporation. (VRM Not. Removal, Dkt. 189-1 ¶ 14). Moreover, Plaintiffs submitted uncontroverted evidence that VRM is incorporated in Texas. (*See* Pl. Mot. Remand Exs. 1–5, Dkt. 189-4) (including, *inter alia*, VRM's certification of formation under the Texas Business Organizations Code).

or (b) piercing the pleadings and conducting a summary inquiry if plaintiff has misstated or omitted key facts. *Id.*

The Fifth Circuit has suggested that the purpose of the improper joinder doctrine is to police the efforts of state-court plaintiffs to manipulate federal jurisdictional rules by adding non-diverse defendants against whom there is no valid claim simply to block removal. *See id.* ("Federal courts should not sanction devices intended to prevent the removal to Federal court where one has the right"). That said, when the basis for removal is a plaintiff's inability to recover against the in-state defendant, but not "actual fraud" in the pleadings, the "motive or purpose of the joinder of in-state defendants is not relevant." *Davidson*, 819 F.3d at 768. The burden is "on the removing party to prove . . . that sham defendants were added to defeat jurisdiction." *Smallwood*, 385 F.3d at 575. If the court finds the non-diverse defendant is improperly joined, remand must be denied. *Davidson*, 819 F.3d at 768.

VRM and FMC each argue that VRM was improperly joined because (a) Plaintiffs' breach of contract claim does not pertain to VRM and (b) the state district court lacks jurisdiction to enjoin VRM from prosecuting its eviction suit in county court. (VRM Resp., Dkt. 189-7, ¶¶ 8–11); (FMC Resp., Dkt. 189-9, at 4–5). Plaintiffs reply that VRM is a required party under Texas' Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a), and that the district court has jurisdiction because they secured a *de novo* appeal in county court of the justice court's judgment. (Pl. Reply, Dkt. 189-10, at 2–3; Pl. Reply, Dkt. 190-9, at 2–3).[3] The Court agrees that VRM is improperly joined, but not for the reasons Defendants suggest.

As an initial matter, Defendants' position on the state district court's order enjoining the county court detainer action is correct but not dispositive. Texas state law gives justice courts

---

[3] Plaintiffs also urge the Court to disregard VRM's response because it was untimely. (Pl. Reply, Dkt. 189-8, at 1–2). The Court has the discretion to consider untimely responses. *See* W.D. Loc. R. CV-7(e)(2) (granting district courts the discretion to grant untimely motions as unopposed or to consider untimely motions). The Court declines to exercise its discretion to disregard VRM's motion here.

5

jurisdiction over detainer actions but denies them jurisdiction to adjudicate title disputes. *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.) The appellate jurisdiction of county courts is confined to the jurisdictional limits of justice courts. *Id.* The mere existence of a title dispute, however, is not enough to deprive a justice or county court of jurisdiction over a detainer action. *Pinnacle Premier Properties, Inc. v. Breton*, 447 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Justice courts retain jurisdiction unless the question of title is "so intertwined with the issue of possession that possession may not be adjudicated without first determining title." *Id.*

Plaintiffs' deed of trust contains a clause (the "tenant-at-sufferance clause") under which Plaintiffs agree to surrender possession to a foreclosure-sale purchaser or become a tenant at sufferance removable by a writ of possession. (VRM Mot. Dismiss Ex. 1, Dkt. 189-3-1, at 10) (Deed of Trust ¶ 22). "Tenant-at-sufferance clauses separate the issue of possession from the issue of title," *Pinnacle*, 447 S.W.3d at 564, because such a clause "entitles the purchaser to possession if: (1) the party to be evicted is subject to the tenant-at-sufferance clause, and (2) the party seeking possession purchased the property at a foreclosure sale." *Maxwell v. U.S. Bank Nat. Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *3 (Tex. App. —Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.). Accordingly, "when the party to be evicted is subject to a tenant-at-sufferance clause and the party seeking possession purchased the property at a foreclosure sale and gave proper notice requiring the occupants to vacate the premises, defects in the foreclosure process are not relevant to possession." *Pinnacle*, 447 S.W.3d at 564 (citing *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.)). The displaced party can still dispute the purchaser's title, but they must bring a separate suit to do so. *Id.*

Here, because Plaintiffs' deed of trust contains the tenant-at-sufferance clause, title is not relevant to determining possession in the detainer action. Accordingly, the justice court—and by extension the county court—have exclusive jurisdiction over the detainer action, and the state

6

district court lacks the jurisdiction to enjoin VRM from pursuing its detainer action in county court. *See id.* at 565–66 (holding that a state district court lacked jurisdiction to enjoin a detainer suit because appellees were subject to a tenancy-at-sufferance clause). [4]

However, contrary to Defendants' urging, the mere fact that a state district court lacked jurisdiction to enjoin the detainer action does not render VRM improperly joined. It remains necessary to consider whether there is a reasonable basis to predict that the plaintiff might recover against VRM on either of Plaintiffs' other two claims. *See Smallwood*, 385 F.3d at 573. Because Plaintiffs do not assert their breach of contract claim against VRM, (VRM Not. Rem. Ex. 4, Dkt. 189-1-4, at 5–6), the Court need only analyze Plaintiffs' trespass to try title claim.

Plaintiffs claim that FMC's overcharging voids the foreclosure sale and that they retain title to their home. (*Id.* at 6–7). Defendants fail to address the try title claim in their responses, but VRM argues in its Motion to Dismiss that Plaintiffs fail to state a claim for trespass to try title against them. (VRM Mot. Dismiss, Dkt. 189-3, at 7–8). Because the improper joinder analysis is coextensive with the 12(b)(6) analysis, *Smallwood*, 385 F.3d at 573, VRM's argument is relevant to both its Motion to Dismiss and Plaintiffs' Motion to remand. The Court agrees that Plaintiffs fail to state a claim for trespass to try title against VRM.

---

[4] In deciding that VRM was not improperly joined, the Magistrate Judge relied principally on a decision in a case with nearly identical facts: *Standiford v. Citimortgage, Inc.*, No. A-12-CA-1175-SS, 2013 WL 12116147 (W.D. Tex. Feb. 26, 2013). *Standiford* was a foreclosure case in which the court considered whether VRM (the very same) was improperly joined. In deciding that a state district court had jurisdiction to enjoin the detainer action in justice court, the *Standiford* court relied on language from a 1957 Texas appellate court decision. *See Slay v. Fugitt*, 302 S.W.2d 698, 701 (Tex. Civ. App.—Dallas 1957, writ ref d n.r.e.) ("[W]hen both title and possession are involved, a District Court suit in trespass to try title takes precedence and may be maintained concurrently with a Justice Court action in forcible entry and detainer, even to restraint of proceedings in the latter court.").

This Court relies on more recent case law interpreting the current forcible detainer statute. *E.g.*, *Pinnacle*, 447 S.W.3d 558. This Court also takes a different reading of *Slay* here. In *Slay*, the state district court's authority to enjoin the justice court is conditioned on "both title and possession [being] involved." *Slay*, 302 S.W.2d at 701. Because "the primary issue involved [was the plaintiffs'] right to possession," the *Slay* court dissolved the state district court's injunction. *Id.* at 701–02. Rather than permitting state district courts to take jurisdiction over a detainer action simply because a title issue is raised in the same case, *Slay* is consistent with more recent case law that permits such jurisdiction only when determination of title is sufficiently intertwined with the issue of possession.

As the Texas Supreme Court observed, "trespass-to-try-title actions involve detailed pleading and proof requirements." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). One of those requirements is that "the defendant afterward unlawfully entered upon and dispossessed him of such premises, stating the date, and withholds from him the possession thereof." Tex. R. Civ. P. 783(e). Where a plaintiff has not alleged that plaintiff has been dispossessed of his property, the plaintiff fails to state a trespass to try title claim. *Parr v. Deutsche Bank Nat. Tr. Co.*, No. SA-13-CV-930-XR, 2014 WL 3943698, at *3 (W.D. Tex. Aug. 11, 2014) ("Plaintiff has not alleged that she has been disposed of property. Therefore, Plaintiff has not stated a trespass to try title claim."); *Serna v. U.S. Bank, N.A.*, No. CIV.A. H-13-2559, 2014 WL 108732, at *2 (S.D. Tex. Jan. 9, 2014).

Here, Plaintiffs have not been dispossessed of their home by VRM or anyone else; indeed, they are seeking an injunction against VRM's detainer action so as to keep it that way. Accordingly, they fail to state a trespass to try title claim against VRM. Because Plaintiffs fail to state a claim against VRM for trespass to try title, there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against VRM on their trespass to try title claim. Therefore, VRM was improperly joined in the state district court action.

Plaintiffs' assertion that VRM is a required party under Texas' Declaratory Judgment Act (DJA) is inapposite here. Plaintiffs are correct that the DJA requires "all persons who have or claim any interest that would be affected by the declaration must be made parties" when declaratory relief is sought under the DJA. Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a). However, Texas courts have also made it clear that in situations like this case, the rules for a trespass to try title action apply instead of the DJA's rules.

The Texas Property Code provides that "[a] trespass to try title action is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code § 22.001. Accordingly, "[a]ny suit that involves a dispute over the title to land is, in effect, an action in trespass

8

to try title, whatever its form." *Hawk v. E.K. Arledge, Inc.*, 107 S.W.3d 79, 84 (Tex. App.—Eastland 2003, pet. denied). When a claim for declaratory relief is "'merely incidental to the title issues,' the Texas Declaratory Judgments Act will not supplant a suit to quiet title." *Sani v. Powell*, 153 S.W.3d 736, 745–46 (Tex. App.—Dallas 2005, pet. denied) (quoting *Hawk*, 107 S.W.3d at 84, and holding that plaintiff's claim was a claim for trespass to try title—not a DJA claim—because plaintiff sought a declaration that a foreclosure sale was void). Here, Plaintiffs seek "declaratory judgment that the foreclosure of the Home was void and that title to the Home still rests with Plaintiffs." (VRM Not. Rem. Ex. 4, Dkt. 189-1-4, at 6). Plaintiffs' claim for declaratory relief is merely incidental to the core substantive dispute, which is the state of the title to Plaintiffs' home. Accordingly, the DJA's rules concerning necessary parties do not apply to Plaintiffs' trespass to try title claim against VRM. *See Hawk*, 107 S.W.3d at 84 (declining to apply the DJA's rules for attorney's fees where the claim for declaratory relief was "merely incidental to the title issues" at the core of plaintiff's claim).

When a district court finds the non-diverse defendant is improperly joined, remand must be denied. *Davidson*, 819 F.3d at 768. Here, the Court finds that VRM is improperly joined because there is no reasonable basis to predict that Plaintiffs might recover against VRM under either of Plaintiffs' two claims against VRM. Therefore, Plaintiffs Motions to Remand must be denied, regardless of VRM's status as a non-diverse party.

### III. Motion to Dismiss

VRM argues that Plaintiffs have failed to state a claim against them for breach of contract, trespass to try title, a construed wrongful foreclosure claim,[5] a declaratory judgment concerning the

---

[5] "Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief and the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (quotation marks omitted). Under Texas law, the elements of a wrongful foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017). Here, Plaintiffs neither explicitly plead a wrongful foreclosure claim, nor allege any facts about the selling

9

title to their home, or an injunction to preclude VRM from pressing its detainer action in county court. (VRM Mot. Dismiss, Dkt. 189-3). Plaintiffs' objections focus on the sufficiency of their factual pleading regarding FMC's pre-foreclosure conduct (the alleged overcharging) and the fact that the county court has not issued a final judgment in the detainer action. (Pl. Resp. Mot. Dismiss, Dkt. 189-5, at 2–4).

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). Again, the 12(b)(6) analysis is coextensive with the improper joinder analysis. *Smallwood*, 385 F.3d at 573.

Plaintiffs only assert three claims: a breach of contract claim against FMC, a trespass to try title claim against FMC and VRM, and a request for injunctive relief against VRM. (VRM Not. Rem. Ex. 4, Dkt. 189-1-4, at 5–7). Only the latter two claims concern VRM, and for the same reasons that the Court holds that VRM was improperly joined, discussed *supra*, the Court also holds that Plaintiffs fail to state a claim against VRM for the trespass to try title claim and the request for injunctive relief.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkts. 189-11, 190-10), is **REJECTED**.

---

price; their complaint is that the foreclosure sale took place at all. (*See generally* VRM Not. Rem. Ex. 4, Dkt. 189-1-4). Accordingly, Plaintiffs fail to state a claim for wrongful foreclosure, against VRM or otherwise.

10

**IT IS FURTHER ORDERED** that Plaintiffs' Motions for Remand, (Dkt. 189-4 and 190-4), are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Vendor Resource Management's Motion to Dismiss, (Dkt. 189-3), is **GRANTED** and Plaintiffs' claims against Defendant Vendor Resource Management are **DISMISSED WITH PREJUDICE**.

**SIGNED** on October 18, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE